Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JUANITA MORÁN GUZMÁN<br><br>Peticionaria<br><br><br>v.<br><br><br>HERIBERTO SÁNCHEZ FELICIANO<br><br>Recurrido | TA2026CE00396 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso número: BC2025CV00042<br><br>Sobre: Liquidación de Bienes Gananciales y Pensión Excónyuge |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de abril de 2026.

Comparece la peticionaria, Juanita Morán Guzmán, mediante el recurso de epígrafe y nos solicita que revoquemos una *Orden* emitida el 3 de marzo de 2026 por el Tribunal de Primera Instancia, Sala Superior de Arecibo, la cual fue notificada el día 4 del mismo mes y año. Mediante esta, el foro primario reiteró un dictamen previo a los efectos de dar por admitido un requerimiento de admisiones que el recurrido, Heriberto Sánchez Feliciano, le había cursado a la peticionaria.

Por los fundamentos que se exponen a continuación, expedimos el *certiorari* y revocamos la *Resolución* recurrida. En consecuencia, se devuelve el caso ante la consideración del foro primario, para la continuación de los procedimientos, de forma cónsona con los pronunciamientos consignados en esta *Sentencia*.

**I**

El 25 de marzo de 2025, Juanita Morán Guzmán (Morán Guzmán o peticionaria) presentó una *Demanda* sobre liquidación de

bienes gananciales y pensión de excónyuge en contra de quien fuera su esposo, Heriberto Sánchez Feliciano (Sánchez Feliciano o recurrido).[1] Como remedio, la peticionaria solicitó la división de la comunidad de bienes post ganancial surgida luego de su divorcio, el cual es, al día de hoy, final, firme e inapelable.[2]

El 18 de mayo de 2025, le fue diligenciado el emplazamiento a Sánchez Feliciano y, debido a que no había comparecido, Morán Guzmán solicitó se le anotase la rebeldía.[3] Así las cosas, el 2 de julio de 2025, el foro primario emitió y notificó una *Orden* en la que le anotó la rebeldía al recurrido.[4]

Sin embargo, el 8 de julio de 2025, Sánchez Feliciano compareció al pleito por primera vez, por conducto de representación legal y solicitó que el foro primario dejara sin efecto la anotación de rebeldía.[5] Con la anuencia de Morán Guzmán,[6] el 11 de agosto de 2025, el foro *a quo* dejó sin efecto la anotación de rebeldía.[7] Así las cosas, el 19 de agosto de 2025, el recurrido presentó una *Contestación a Demanda*.[8]

Posteriormente, comenzó el proceso de descubrimiento de prueba. El 20 de octubre de 2025, la peticionaria le cursó al recurrido un primer pliego de interrogatorio y un requerimiento de producción de documentos.[9] Por su parte, el 31 de octubre de 2025, el recurrido cursó a la peticionaria un requerimiento de admisiones -aquí objeto de controversia- y un primer pliego de interrogatorio.[10]

El 20 de noviembre de 2025, en el último día del término dispuesto en la Regla 33 de Procedimiento Civil, 32 LPRA Ap. V,

---

[1] Entrada Núm. 1 del caso núm. BC2025CV00042 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Véase, *Sentencia* emitida el 5 de diciembre de 2024 en el caso núm. BC2024RF00004.
[3] Entrada Núm. 12 del caso núm. BC2025CV00042 del SUMAC.
[4] Entrada Núm. 13 del caso núm. BC2025CV00042 del SUMAC.
[5] Entrada Núm. 14 del caso núm. BC2025CV00042 del SUMAC.
[6] Entrada Núm. 21 del caso núm. BC2025CV00042 del SUMAC.
[7] Entrada Núm. 22 del caso núm. BC2025CV00042 del SUMAC.
[8] Entrada Núm. 24 del caso núm. BC2025CV00042 del SUMAC.
[9] Entrada Núm. 35 del caso núm. BC2025CV00042 del SUMAC.
[10] Entrada Núm. 42 del caso núm. BC2025CV00042 del SUMAC.

R. 33, Morán Guzmán suscribió el juramento del requerimiento de admisiones y, ese mismo día, su representación legal lo envió al representante legal de Sánchez Feliciano.[11]

El 9 de enero de 2026, Sánchez Feliciano presentó una *Moción solicitando que se dé por admitido el requerimiento de admisiones*.[12] En virtud del referido escrito, el recurrido solicitó del foro *a quo* dar por admitido el requerimiento de admisiones, debido a que alegadamente no había recibido la contestación a este, sin que la peticionaria tampoco solicitara un término adicional.

Ese mismo día, la peticionaria presentó una *Oposición a moción solicitando que se dé por admitido requerimiento de admisiones*.[13] En esta, explicó que le envió la contestación al requerimiento de admisiones, debidamente juramentada, a la representación legal del recurrido, vía correo electrónico. No obstante, advirtió que, por razones ajenas a su voluntad, el anejo enviado solo reflejó la primera página del documento y omitió la segunda, que es donde figura el juramento. Así, con miras a subsanar el error por omisión que cometió por inadvertencia, la peticionaria incluyó, como anejo a la moción, la contestación juramentada al requerimiento de admisiones, con sus dos páginas.

Por su parte, el 9 de enero de 2026, el foro primario emitió una *Orden*, que fue notificada el día 15 del mismo mes y año.[14] Mediante esta, declaró Ha Lugar la solicitud instada por Sánchez Feliciano, a los efectos de dar por admitido el requerimiento de admisiones. Sin embargo, el 12 de enero de 2026, el foro *a quo* emitió otra *Orden*, que también fue notificada el día 15, en la que le concedió un término de veinte (20) días al recurrido para expresar

---

[11] Entrada Núm. 48 del caso núm. BC2025CV00042 del SUMAC (Anejo 2).
[12] Entrada Núm. 47 del caso núm. BC2025CV00042 del SUMAC.
[13] Entrada Núm. 48 del caso núm. BC2025CV00042 del SUMAC.
[14] Entrada Núm. 49 del caso núm. BC2025CV00042 del SUMAC.

su postura en cuanto a lo informado por la peticionaria en su escrito de oposición.[15]

Así las cosas, el 23 de enero de 2026, Sánchez Feliciano presentó una *Moción en cumplimiento de orden.*[16] Sin embargo, omitió expresar su posición en cuanto a lo expresado por Morán Guzmán en su escrito de *Oposición a moción solicitando que se dé por admitido requerimiento de admisiones.*

En desacuerdo con que el foro *a quo* diese por admitido el requerimiento de admisiones, el 30 de enero de 2026, la peticionaria solicitó reconsideración.[17] En el referido escrito, también reseñó que el recurrido no expresó su posición respecto al escrito de oposición que esta presentó previamente.

Así las cosas, el 30 de enero de 2026, el foro primario emitió una *Orden*, que notificó el 2 de febrero del mismo año.[18] En esta, le concedió al recurrido quince (15) días para exponer su posición.

Por su parte, el 25 de febrero de 2026, Sánchez Feliciano se opuso a la solicitud de reconsideración instada por Morán Guzmán.[19] En síntesis, expuso que la contestación al requerimiento de admisiones que la peticionaria envió el 20 de noviembre de 2025 es insuficiente en derecho, debido a que una notificación defectuosa, incompleta o inexistente equivale a falta de notificación. En ese sentido, destacó que, a su juicio, Morán Guzmán no pudo demostrar que notificó válidamente las contestaciones al requerimiento de admisiones, dentro del término reglamentario, o en algún momento posterior.

Así las cosas, el 26 de febrero de 2026, la peticionaria presentó un escrito de réplica,[20] mientras que, el 3 de marzo de 2026, el

---

[15] Entrada Núm. 50 del caso núm. BC2025CV00042 del SUMAC.
[16] Entrada Núm. 51 del caso núm. BC2025CV00042 del SUMAC.
[17] Entrada Núm. 56 del caso núm. BC2025CV00042 del SUMAC.
[18] Entrada Núm. 57 del caso núm. BC2025CV00042 del SUMAC.
[19] Entrada Núm. 62 del caso núm. BC2025CV00042 del SUMAC.
[20] Entrada Núm. 63 del caso núm. BC2025CV00042 del SUMAC.

recurrido presentó un escrito de dúplica.[21] Sin embargo, es necesario resaltar que, el 26 de febrero de 2026, previo a que el recurrido presentara su escrito de dúplica, el foro primario había emitido una *Resolución Interlocutoria*, en la que expresamente declaró "No Ha Lugar la solicitud de reconsideración, por los fundamentos expuestos por la parte demandada en la entrada 48 de SUMAC y por los expuestos en la presente moción".[22]

Así las cosas, con posterioridad al escrito de dúplica, el 3 de marzo de 2026, el foro *a quo* emitió una *Orden*, que notificó el día 4 del mismo mes y año.[23] Mediante la referida *Orden*, el foro primario declaró Ha Lugar el escrito de dúplica presentado por el recurrido.

Inconforme, el 1 de abril de 2026, Morán Guzmán acudió ante este Foro mediante el recurso de epígrafe y señaló que el foro primario cometió el error siguiente:

> Erró el Tribunal de Primera Instancia y abusó de su discreción al dar por admitido el requerimiento de admisiones cursado por la Parte Recurrida, aún cuando ante su consideración obraba evidencia de que la Parte Peticionaria notificó oportunamente, dentro del término reglamentario, una contestación juramentada al requerimiento de admisiones, y de que cualquier omisión en la transmisión íntegra del anejo fue un defecto inadvertido que fue aclarado y subsanado tan pronto se advirtió, en contravención al carácter flexible de la Regla 33 de Procedimiento Civil y a la política judicial que favorece la adjudicación de los casos en sus méritos.

Tras una evaluación preliminar del recurso ante nos, el 7 de abril de 2026 emitimos una *Resolución*, que fue notificada el día 9 del mismo mes y año. Mediante esta, le concedimos al recurrido un término de diez (10) días para presentar su posición en cuanto a los méritos del recurso.

---

[21] Entrada Núm. 69 del caso núm. BC2025CV00042 del SUMAC.
[22] Entrada Núm. 64 del caso núm. BC2025CV00042 del SUMAC. Es importante destacar que, por inadvertencia, el foro *a quo* se refirió a la entrada núm. 48 cuando claramente su intención era aludir a la 47, que es donde consta la *Moción solicitando que se dé por admitido el requerimiento de admisiones*, instada por la parte demandada.
[23] Entrada Núm. 70 del caso núm. BC2025CV00042 del SUMAC.

Transcurrido el término concedido, el recurrido no compareció. En consecuencia, procedemos a disponer del recurso de epígrafe, sin el beneficio de su comparecencia escrita.

**II**

**A**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera Gómez v. Arcos Dorados, Inc.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios

evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público. Así también, la referida disposición establece que este Foro podría ejercer su discreción para revisar resoluciones y órdenes interlocutorias en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, nos corresponde evaluar el recurso a la luz de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.[24] A esos efectos, la referida disposición establece los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023); *Rivera Gómez v. Arcos Dorados, Inc.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez,* supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)    Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[24] *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 63, 215 DPR ___ (2025).

(E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por tanto, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**B**

La Regla 33 de Procedimiento Civil, 32 LPRA Ap. V, R. 33, regula lo concerniente al requerimiento de admisiones, como método de descubrimiento de prueba. Al respecto, la doctrina vigente

dispone que este mecanismo constituye un "mecanismo sencillo y económico, de excepcional utilidad en la práctica contenciosa". J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1000; *Rivera Prudencio v. Mun. de San Juan*, 170 DPR 149, 171 (2007).

En particular, la Regla 33 de Procedimiento Civil, *supra*, autoriza a una parte a requerirle a otra que admita la veracidad de cualquier materia dentro del alcance de la Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1, que se relacionen con cuestiones u opiniones de hechos, o con la aplicación de la ley a los hechos, y la autenticidad de cualquier documento que se acompañe con el requerimiento. Cuevas Segarra, *op. cit.*, pág. 1000. Así, este instrumento "persigue el propósito de aligerar los procedimientos para definir y limitar las controversias del caso y proporcionar así un cuadro más claro sobre éstas". *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 571 (1997). En lo pertinente, la referida Regla dispone como sigue:

> a) [...]
>
> [...] Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión, una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia.
>
> [...].

32 LPRA Ap. V, R. 33.

De conformidad con lo anterior, la parte que viene obligada a responder un requerimiento de admisiones deberá "admitir o negar lo requerido bajo juramento o presentar una objeción escrita sobre la materia en cuestión dentro del término de 20 días". *Rivera Prudencio v. Mun. de San Juan*, supra, págs. 171-172. Así, como norma, de incumplir con este requisito, las cuestiones sobre las

cuales se solicitó la admisión se tendrán por admitidas automáticamente. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, pág. 573. En este sentido, la Regla 33, *supra*, no exige que el tribunal emita una orden a esos efectos. *Íd.*

Al respecto, nuestro Tribunal Supremo ha expresado que, con esta Regla, se busca evitar que una parte, mediante actuaciones que demuestren dejadez y desidia, dilate los procedimientos judiciales. *Rivera Prudencio v. Mun. de San Juan*, supra, pág. 174. Nuestro más Alto Foro ha expresado que "las disposiciones de la Regla 33 son mandatorias, no meramente directivas, lo que requiere que haya un cumplimiento sustancial con las mismas". *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, págs. 574-575. No obstante, el Alto Foro destaca que "al igual que ocurre con cualquier otra regla procesal, al aplicarla e interpretarla no se puede permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial". *Íd.* En este sentido, el estado de derecho reconoce que:

> En el ejercicio de su discreción, el tribunal debe interpretar la regla de forma flexible para favorecer, en los casos apropiados, que el conflicto se dilucide en los méritos. Debe de ejercer especial cuidado cuando se trata de una admisión tácita, o sea, por no haberse contestado el requerimiento dentro del término establecido para ello.

*Íd.,* págs. 573-574.

A la luz de la normativa antes expuesta, procedemos a disponer del caso ante nuestra consideración.

### III

Sin lugar a duda, el recurso de *certiorari* es el vehículo procesal adecuado para procurar la revisión del dictamen recurrido, de conformidad con la Regla 52.1 de Procedimiento Civil, *supra.* Ello, por tratarse de un dictamen de naturaleza interlocutoria. Así las cosas, luego de evaluar el recurso, a la luz de los criterios de nuestra Regla 40, *supra,* concluimos que procede ejercer nuestra discreción

revisora para revocar el dictamen recurrido, debido a que se cometió el error señalado. Veamos.

Mediante el único señalamiento de error formulado, la peticionaria adujo que el foro primario erró al dar por admitido el requerimiento de admisiones cursado por el recurrido. Lo anterior, a pesar de que Morán Guzmán notificó oportunamente, dentro del término reglamentario, una contestación juramentada al requerimiento de admisiones. Asimismo, enfatizó que, cualquier omisión en la transmisión íntegra del anejo, constituyó un defecto inadvertido que fue aclarado y subsanado tan pronto este se advirtió. De este modo, la peticionaria considera que, al dar por admitido el requerimiento de admisiones, el foro *a quo* actuó en contravención al carácter flexible de la Regla 33 de Procedimiento Civil, *supra*, así como a la política judicial que favorece la adjudicación de los casos en sus méritos. Tiene razón.

Por un lado, la Regla 33 de Procedimiento Civil, *supra,* es clara en cuanto a que corresponde dar por admitido un requerimiento de admisiones, a menos que la parte llamada a contestarlo, presente la referida contestación, dentro de los veinte (20) días de haberle sido notificado el requerimiento. Sin embargo, tal como surge de nuestra exposición del derecho aplicable, nuestro Tribunal Supremo ha sido consistente en reconocerle discreción al foro primario para aplicar la referida disposición de manera flexible, con miras a favorecer que los conflictos se diluciden en los méritos. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, págs. 573-574. De forma similar, el Alto Foro fomenta que, al aplicar e interpretar esta norma, se evite el que consideraciones técnicas prevalezcan, en detrimento de la justicia sustancial. *Íd.*, págs. 574-575.

En el caso de epígrafe, Sánchez Feliciano le cursó a Morán Guzmán el requerimiento de admisiones objeto de controversia el 31 de octubre de 2025. Por consiguiente, los veinte (20) días con que

esta contaba para remitirlo contestado, de conformidad con la Regla 33 de Procedimiento Civil, *supra,* vencían el 20 de noviembre de 2025. De este modo, surge del expediente de epígrafe que, en el último día del referido término, la peticionaria le remitió al recurrido el documento del requerimiento de admisiones contestado, vía correo electrónico, aunque le faltaba la segunda página, que es donde consta el juramento.

En consideración a lo anterior, en la *Moción solicitando que se dé por admitido el requerimiento de admisiones* instada el 9 de enero de 2026, Sánchez Feliciano expuso que Morán Guzmán había incumplido con la Regla 33 de Procedimiento Civil, *supra.* Ello, en la medida que la peticionaria no remitió el requerimiento de admisiones contestado, en o antes del 20 de noviembre de 2025. Consecuentemente, argumentó que procedía dar por admitido el requerimiento, lo cual el foro *a quo* concedió, a pesar de que, en su escrito de oposición, la peticionaria notificó que recién se había enterado del error que cometió por inadvertencia. Por tal razón, subsanó dicho error al anejar el documento completo a la moción, el cual evidencia que el juramento suscrito en la segunda y última página tiene fecha de 20 de noviembre de 2025.

Así, en consideración a que el Tribunal Supremo promueve una interpretación flexible de la Regla 33, *supra,* que favorezca el que los conflictos se diluciden en los méritos, sin que consideraciones técnicas se interpongan en la administración de la justicia, procede revocar el dictamen recurrido. En consecuencia, corresponde que el foro primario acepte la totalidad del documento de requerimiento de admisiones que la peticionaria originalmente remitió incompleto por error y proceda a dar continuidad a los procedimientos.

**IV**

Por los fundamentos que anteceden, expedimos el auto discrecional solicitado y revocamos la *Resolución* recurrida. En consecuencia, se devuelve el caso ante la consideración del Tribunal de Primera Instancia, Sala Superior de Arecibo, para la continuación de los procedimientos, de forma cónsona con los pronunciamientos consignados en esta *Sentencia.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones